UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CYMEYON V. HILL,

    Plaintiff,

v.

M. B. ATCHLEY, et al.,

    Defendants.

Case No. 20-cv-06428-YGR (PR)

**ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND**

## I. INTRODUCTION

Plaintiff, a civil detainee currently in custody at California State Prison - Sacramento ("CSP-Sacramento"), filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 stemming from alleged violations of his constitutional rights at Salinas Valley State Prison ("SVSP"), where he was previously incarcerated. Dkt. 1. Thereafter, Plaintiff filed an amended complaint, which is the operative complaint in this action. Dkt. 5. Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") will be granted in a separate order.[1]

Plaintiff has named as Defendants in this action the following SVSP prison officials: Sergeant O. Aragon[2]; Officer T. Lemon; Warden M. B. Atchley; Medical Staff "Psych Tech Supervisor" Valdez; and Chief Executive Officer of SVSP's California Correctional Health Care

---

[1] Plaintiff's action was initially dismissed without prejudice by the Court on November 16, 2020. Dkt. 3. The Court had concluded that dismissal was required because Plaintiff failed to submit a timely application for leave to proceed IFP by the October 22, 2020 deadline as set by the Clerk's notice dated September 14, 2020. *Id.* at 1. Thereafter, Plaintiff sought reconsideration of the dismissal by filing motion for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure. Dkt. 6. He also filed a completed non-prisoner IFP application. Dkt. 7. In an Order dated June 14, 2021, the Court granted Plaintiff's motion for reconsideration, reopened this action, vacated its November 16, 2020 Order of Dismissal Without Prejudice, and reinstated the amended complaint filed on November 12, 2020. *See* Dkt. 8.

[2] Plaintiff listed Defendant Aragon's name incorrectly as "A. Argon" in his amended complaint. *See* Dkt. 5 at 1-2. However, the record shows that this Defendant's name should be "O. Aragon." *See* Dkt. 1 at 16. The Court directs the Clerk of the Court to correct the spelling of this Defendant's name from "A. Argon" to "O. Aragon." *See id*.

1  Services G. R. Padilla. Dkt. 5 at 1.[3] Venue is proper because the events giving rise to the claims
2  are alleged to have occurred at SVSP, which is located in this judicial district. *See* 28 U.S.C.
3  § 1391(b). Plaintiff seeks monetary and punitive damages as well as injunctive relief. *Id.* at 3.
4      Plaintiff's eighteen-page amended complaint raises multiple allegations with respect to
5  events that occurred at SVSP from May 15, 2020 through November 2, 2020[4] (the date he signed
6  the amended complaint). *See id.* at 3, 10-18. The Court now conducts its initial review of the
7  amended complaint pursuant to 28 U.S.C. § 1915A.

## II. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." To comport with Rule 8, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests*." Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

---

[3] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

[4] The body of Plaintiff's amended complaint also includes a claim stemming from an incident on "11-5-20," but the Court assumes this is a typographical because the date of the amended complaint was three days earlier, "11-2-20." *See* Dkt. 5 at 3. Thus, the Court considers the date of the amended complaint, November 2, 2020, as the end date of the time frame at issue.

do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

A supervisor may be liable under section 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). This includes evidence that a supervisor implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Redman*, 942 F.2d at 1446; *see Jeffers v. Gomez*, 267 F.3d 895, 917 (9th Cir. 2001).

### B.  Legal Claims

Plaintiff, who was civilly committed in 1997 following a plea of not guilty by reason of insanity, asserts multiple claims for relief against the five aforementioned named defendants as well as several other named and unnamed prison officials whose names he includes in the body of his amended complaint, from whom he seeks both injunctive relief and monetary damages, including punitive damages.

3

### 1. Injunctive Relief

The threshold question presented is whether the Court has jurisdiction to consider Plaintiff's claims for injunctive relief, in light of his transfer from SVSP to CSP-Sacramento. When an inmate has been transferred to another prison and there is no reasonable expectation nor demonstrated probability that he will again be subjected to the prison conditions from which he seeks injunctive relief, the claim for injunctive relief should be dismissed as moot. *See Dilley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir. 1995). A claim that the inmate might be returned to the prison where the injury occurred is too speculative to overcome mootness. *Id.* Here, Plaintiff's transfer from SVSP to CSP-Sacramento renders moot his claims for injunctive relief. Therefore, the Court dismisses Plaintiff's claim for injunctive relief.

### 2. Monetary Damages

The remaining allegations involving monetary damages in the amended complaint cover a span of time from May 15, 2020 through November 2, 2020, during which period Plaintiff was incarcerated at SVSP. Having reviewed the allegations in the amended complaint, the Court finds the following pleading deficiencies require that the amended complaint be dismissed with leave to amend.

When the allegations in the amended complaint concerning Plaintiff's confinement at SVSP are liberally construed, Plaintiff states the following claims for relief: food tampering in October and November 2020; "rancid food and retaliation" in October 2020; two instances of use of excessive force one in August 2020 and the other in November 2020; denial of access to the law library in July and October 2020; "staff misconduct and retaliation" in September and October 2020; "interfering with Plaintiff['s] legal documents and mail tampering" in August 2020; "medical staff misconduct and prison staff retaliation" in August, October, and November 2020; "staff misconduct, excessive force, threat to safety, medical staff misconduct and staff interfering with [his] access to the courts" in September 2020; "retaliation by tampering with [his] food to get [him] assaulted by members from the Green Wall" in May and October 2020; "denial [of] medical care[,] excessive force[, and] medical staff giving [him] rancid food" in October and November 2020; "retaliat[ion] against [him] by denying [him] meal and refusing [him] due process and

continu[ing] to retaliate against [him] for filing CDCR appeal[s]" in August 2020; causing Plaintiff to be assaulted by officers "for filing grievance regarding [his] canteen money being stolen out of [his] account" in August 2020; retaliation by "falsifying medical documents against [him] for filing a complaint against [a] medical doctor" in May 2020; destroying his property in August 2020; "staff misconduct[,] racke[]teering and for [prison officials] stealing [his] funding illegally"; and "a health and safety issue regarding [his] civil commitment" and retaliation in September and October 2020. Dkt. 5 at 3, 10-18. As mentioned, venue is proper because the events giving rise to the aforementioned claims are alleged to have occurred at SVSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b). Plaintiff names the five aforementioned Defendants and various other named and unnamed prison officials in connection with the noted claims.

### a. Federal Pleading Standards Under Rule 18(a) and Rule 20

As explained above, Plaintiff's amended complaint is a total of eighteen pages long. It contains multiple legal claims and names multiple defendants, including named and unnamed prison officials. The amended complaint is extraordinary broad, and appears to touch upon everything Plaintiff found objectionable during his incarceration at SVSP between May 15, 2020 through November 2, 2020.

A plaintiff may properly join as many claims as he has against an opposing party. Fed. R. Civ. P. 18(a). Nevertheless, while multiple claims against a single party may be alleged in a single complaint, unrelated claims against different defendants must be alleged in separate complaints. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (finding, under Rule 18(a), prisoner improperly brought complaint raising fifty distinct claims against twenty-four defendants). Further, parties may be joined as defendants only if "there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). As a practical matter, this means that claims involving different parties cannot be joined together in one complaint if the facts giving rise to the claims were not factually related in some way—that is, if there was not

1   "similarity in the factual background." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).
2   General allegations are not sufficient to constitute similarity when the specifics are different. *Id.*
3   The court, on its own initiative, may dismiss misjoined parties from an action, and any claim
4   against a misjoined party may be severed and proceeded with separately. Fed. R. Civ. P. 21.

5   Here, the amended complaint alleges several claims against the five named Defendants and
6   various SVSP prison officials that are not properly joined under Federal Rule of Civil Procedure
7   20(a) concerning joinder of claims and defendants. The claims against these defendants cover a
8   broad array of different incidents by different individuals over the course of approximately six
9   months. In his Second Amended Complaint, Plaintiff may only allege claims that (a) arise out of
10  the same transaction, occurrence, or series of transactions or occurrences and (b) present questions
11  of law or fact common to all defendants named therein. Plaintiff may not include in a single
12  complaint everything that has happened to him over a six-month period that he finds
13  objectionable. He must choose what claims he wants to pursue that meet the joinder requirements;
14  if he asserts improperly joined claims in his Second Amended Complaint, they will be dismissed.

### b. Rule 8

16  As mentioned above, Rule 8(a) of the Federal Rules of Civil Procedure requires that the
17  complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to
18  relief." Additionally, Rule 8(e) requires that each averment of a pleading be "simple, concise, and
19  direct." *See McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of
20  complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant").
21  While the federal rules require brevity in pleading, a complaint nevertheless must be sufficient to
22  give the defendants "fair notice" of the claim and the "grounds upon which it rests." *Erickson v.*
23  *Pardus*, 127 S. Ct. 2197, 2200 (2007) (quotation and citation omitted). A complaint that fails to
24  state the specific acts of the defendant that violated the plaintiff's rights fails to meet the notice
25  requirements of Rule 8(a). *See Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir.
26  1982). However, under section 1983, liability may be imposed on an individual defendant only if
27  the plaintiff can show that the defendant proximately caused the deprivation of a federally
28  protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). As explained above, a

1  supervisor may be liable under section 1983 only upon a showing of (1) personal involvement in
2  the constitutional deprivation or (2) a sufficient causal connection between the supervisor's
3  wrongful conduct and the constitutional violation. *Redman*, 942 F.2d at 1446. Under no
4  circumstances is there respondeat superior liability under section 1983. *Taylor v. List*, 880 F.2d
5  1040, 1045 (9th Cir. 1989).

6  Here, Plaintiff's claims cannot proceed as pleaded because he has not directly linked *all* of
7  the named Defendants and prison officials to his allegations. Specifically, each of Plaintiff's
8  claims is brought against numerous defendants, some of whom either are not mentioned in his
9  statement of facts, or are linked only in a conclusory manner to his claims. Further, many of the
10 named Defendants and prison officials are supervisory officials, against whom liability is alleged
11 solely in their respondent superior capacity, which is improper. *Id.* Additionally, while Plaintiff
12 does directly link some individual named defendants to some of his claims, the allegations in the
13 eighteen-page amended complaint are so lengthy and unnecessarily detailed that the Court cannot
14 readily determine all of the injuries for which each of the named defendants is allegedly liable.

### c. Summation

In sum, even when Plaintiff's claims are liberally construed, he has failed to provide
adequate information for the Court to determine whether the allegations in the amended complaint
state cognizable claims for relief with respect to each of the five named Defendants who were
allegedly responsible for Plaintiff's injuries at the time he was incarcerated at SVSP.
Furthermore, Plaintiff has failed to allege that they meet proper joinder requirements. Plaintiff
also has failed to provide a simple, concise, narrative that sets forth all of the injuries attributed to
each individual defendant. Accordingly, Plaintiff will be given leave to file a Second Amended
Complaint in which he clearly links each defendant to the alleged injury, or injuries, for which that
defendant is alleged to be responsible. While Plaintiff must, in filing his Second Amended
Complaint, provide sufficient information to give the defendants fair notice of the nature of the
claims against them, Plaintiff need not provide a lengthy narrative with respect to each defendant
to satisfy the pleading requirements of Rule 8. Instead, Plaintiff should provide a concise
statement identifying each named defendant and the specific action or actions the defendant took,

1  or failed to take, that allegedly caused the deprivation of Plaintiff's constitutional rights, as well as
2  the injury resulting therefrom.  Additionally, Plaintiff should not name any defendant who is
3  linked solely in his respondent superior capacity or against whom Plaintiff cannot allege facts that
4  would establish supervisorial liability.

### 3. Claim Against Defendant Padilla

Plaintiff has named Defendant Padilla, the Chief Executive Officer of SVSP's California Correctional Health Care Services, as a defendant in this action.  However, Plaintiff does not link Defendant Padilla to any action or inaction that would demonstrate that Defendant Padilla is liable for any wrongdoing.  He seems to name Defendant Padilla as liable for the actions of his subordinates, the named defendants and prison officials.  However, as mentioned above, there is no respondeat superior liability under section 1983.  *Taylor*, 880 F.2d at 1045.  If Plaintiff had intended to link Defendant Padilla to the constitutional violations at SVSP, he must specify the action or actions this Defendant took, or failed to take, that allegedly caused the deprivation of his constitutional rights, as well as the injury resulting therefrom.  If Plaintiff had intended to allege that Defendant Padilla is liable as the supervisor of the named defendants, he must allege that this Defendant "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  *Id.*  The Court further notes that Plaintiff must meet proper joinder requirements.  Accordingly, Plaintiff's claim against Defendant Padilla is DISMISSED with leave to amend to correct the aforementioned pleading deficiencies.

### 4. Claims Against Doe Defendants

Plaintiff mentions several unnamed prison officials in the body of his amended complaint and thus it seems he wishes to name them as Doe Defendants, whose names he apparently intends to learn through discovery.  Where the identity of alleged defendants cannot be known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify them.  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  Failure to afford the plaintiff such an opportunity is error.  *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999).  Accordingly, Plaintiff's claims against the Doe Defendants are DISMISSED.  Should Plaintiff learn the identities of the unnamed prison officials, he may move for leave to amend to add them

as named defendants. *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

### III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's claims for injunctive relief are DISMISSED as moot.

2. Plaintiff's amended complaint is DISMISSED with leave to amend in order to give him the opportunity to correct the deficiencies outlined above by filing a **simple, concise and direct** Second Amended Complaint which:

   a. States clearly and simply each claim he seeks to bring in federal court as required under Rule 8, and he should:

   I. Set forth **each claim** in a separate numbered paragraph;

   ii. Identify **each Defendant** and the **specific action or actions each Defendant took, or failed to take,** that allegedly caused the deprivation of Plaintiff's constitutional rights; and

   iii. Identify the injury resulting **from each claim**;

   b. Only alleges those claims that are properly joined under Rule 20(a) (concerning joinder of claims and Defendants) or, stated differently, the Second Amended Complaint may only allege claims that:

   i. Arise out of the **same** transaction, occurrence, or series of transactions or occurrences; and

   ii. Present questions of law or fact common to **all Defendants**;

   c. **Does not** make conclusory allegations linking each Defendant by listing them as having direct involvement to his claims without specifying how each Defendant was linked through their actions; and

   d. **Does not** name any Defendant who did not act but is linked solely in his or her respondent superior capacity or against whom Plaintiff cannot allege facts that would establish either supervisorial or municipal liability.

3. Within **twenty-eight (28) days** from the date of this Order, Plaintiff shall file his

1  Second Amended Complaint as set forth above.  Plaintiff must use the attached civil rights form,
2  write the case number for this action—Case No. C 20-6428 YGR (PR)—on the form, clearly label
3  the complaint "Second Amended Complaint," and complete all sections of the form.  Because the
4  Second Amended Complaint completely replaces the original complaint, Plaintiff must include in
5  it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert.*
6  *denied*, 506 U.S. 915 (1992).  He may not incorporate material from the original and amended
7  complaints by reference.  If Plaintiff wishes to attach any additional pages to the civil rights form,
8  he shall maintain the same format as the form.  **Plaintiff's failure to file his Second Amended**
9  **Complaint by the twenty-eight-day deadline or to correct the aforementioned deficiencies**
10 **outlined above will result in the dismissal of this action without prejudice.**

11       4.       It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court
12 informed of any change of address and must comply with the Court's orders in a timely fashion.
13 Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes
14 while an action is pending must file a notice of change of address promptly, specifying the new
15 address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail
16 directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and
17 (2) the Court fails to receive within sixty days of this return a written communication from the *pro*
18 *se* party indicating a current address.  *See* L.R. 3-11(b).

19       5.       The Court directs the Clerk to correct the spelling of one of the Defendants' names
20 from "A. Argon" to "O. Aragon."  *See* Dkt. 1 at 16.

21       6.       The Clerk shall send Plaintiff a blank civil rights complaint form along with his
22 copy of this Order.

23       IT IS SO ORDERED.

24 Dated: September 24, 2021

25                                                             _____
26                                                             JUDGE YVONNE GONZALEZ ROGERS
                                                               United States District Judge